UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NORTH CAROLINA
                         WESTERN DIVISION

_____
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                                       )   5:18-CR-131-1-FL
            vs.                        )
                                       )
RAMON ESTEBAN PAEZ-JEREZ,              )
            Defendant.                 )
_____)


                        AUGUST 14, 2018
                       ARRAIGNMENT HEARING
            BEFORE THE HONORABLE ROBERT B. JONES, JR.
                 UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

On Behalf of the Government:

SEBASTIAN KIELMANOVICH, ASSISTANT U.S. ATTORNEY
U.S. Attorney's Office
New Bern Avenue, Suite 800
Raleigh, North Carolina  27601


On Behalf of the Defendant:

JAMES B. POLK, Esq.
Tarlton & Polk, PLLC
150 Fayetteville Street, Suite 930
Raleigh, North Carolina  27602




                    AMY M. CONDON, CRR, RPR, CSR
                       Official Court Reporter
                     United States District Court
                       Raleigh, North Carolina
                Stenotype with computer-aided transcription

(Tuesday, August 14, 2018, commencing 9:31 a.m.)

P R O C E E D I N G S

THE COURT:  All right.  I ask each defendant appearing before the Court this morning to listen carefully to the following information.  This informational will be an important part of your case and you may be called upon today to make decisions in your cases based on what I'm about to say.

You are here because a Bill of Indictment has been returned against you by the Grand Jury, or the U.S. Attorney has filed a Criminal Information charging you with the violation of one or more federal criminal laws.

You have certain rights as relate to these charges, and I'm going to explain those rights to you.

As explained to you at your initial appearance, you have the right to remain silent.  You have the right to be represented by an attorney; and if necessary, to have the Court appoint an attorney to represent you in your case, including at a trial.

You have the right to a trial by jury.  At such a trial, you're presumed to be innocent.  You do not have to prove anything.  Instead, the burden is upon the Government through its attorneys and agents to prove you guilty by competent evidence and beyond a reasonable doubt.

The method for the Government can do this is to call its witnesses to testify under oath in front of you, in front

of a jury and in front of the presiding district judge. You, through your lawyer, will then have the right to cross-examine those witnesses and to object to any evidence you deem to be legally improper. You would also have the right to use the subpoena power of this Court to bring to court witnesses who may be favorable to you and to have these witnesses testify under oath. You also may elect to take the witness stand and testify under oath but only if you wish to do so. No one can force you to take the witness stand and testify if you do not want to.

If you choose not to testify, the fact that you do not testify cannot be held against you and the district judge will instruct the jury accordingly.

If you plead guilty to an offense this morning, you'll waive your right to a trial by jury and the rights that I have just mentioned, other than your right to an attorney.

You also have to waive your right not to incriminate yourself because I cannot accept your plea of guilty as to a particular offense or offenses unless you admit in open court your guilt as to that particular offense or offenses.

By pleading guilty to a felony offense or being convicted by a jury and adjudicated guilty of a felony offense, whether that is by a Bill of Indictment or a Criminal Information, you may lose certain valuable civil rights, such as the right to possess any kind of firearm, the right to serve

on a jury, the right to hold public office, and the right to vote.

If you plead guilty or are found guilty at trial, you may be ordered to make restitution in money or services to the victims of your crime, if they are identifiable.

In certain cases, you may be required to forfeit property to the United States Government.

If your offense involves fraud, you may be required to provide notice of your conviction to the victims of your crime.

In addition, if you are not a United States citizen, your immigration status may be adversely affected and you may be subject to deportation, exclusion or voluntary departure and prevented from obtaining U.S. citizenship.

If you are charged with a sex crime, a conviction may result in substantial future restrictions on where you may live or work and with whom you may associate. In addition, at the conclusion of a sentence that is imposed, you may be subject to civil commitment as a sexually dangerous person.

As required by the law, a special assessment or monetary amount of $100 for each felony offense or counts to which you plead guilty or are found guilty at trial will be imposed against you. This special assessment of $100 per count will be in addition to and on top of any fine that may also be imposed.

You may be given a term of supervised release following any actual term of incarceration that is imposed. Supervised release is similar to what you may know as probation. The term of supervised release in each individual case can range anywhere from one year up to life based upon your individual criminal history and the offense.

Supervised release would require you to report to your assigned probation officer from time to time and to comply with any court-imposed or directed instructions.

If you violate the supervised release conditions, you may be required to serve an additional time of incarceration.

The United States Sentencing Commission has established advisory guideline ranges for all federal crimes. Although the district judge is no longer required to specifically follow the guidelines in sentencing you, he or she is required to calculate the advisory guideline for your offense or offenses. The district judge will then consider that guideline range as well as other relevant factors that are set forth in 18 U.S. Code, Section 3553(a) before imposing a sentence.

The district judge has the authority in some circumstances to depart upward or downward from that advisory guideline range, and will also examine other factors under 18 United States Code, Section 3553(a) that may result in a sentence that is either greater or lesser than the advisory

guideline sentence.

If the district judge imposes a sentence outside the guideline range, he or she is required to explain on the record at the time of sentencing his or her reasons for imposing a sentence outside the guidelines.

Under some circumstances, you may have the right to appeal your sentence, even though you pled guilty to the underlying crime. However, if you have waived your right to appeal your sentence in a plea agreement with the United States, that agreement may be binding upon you.

You should understand that parole has been abolished in the United States Court System. So if you receive a sentence which includes an active term of incarceration, you will not receive parole.

Regarding plea agreements you should know that the Court is not a party to a plea agreement and does not participate in the plea agreement negotiations.

However, the Court is obligated to examine carefully any plea agreement with the Government to ensure that the agreement conforms to the objectives of sentencing. The standard acceptance of plea agreements include those stated in Rule 11 of the Federal Rules of Criminal Procedure, which provides in part as follows:

In one type of a plea agreement, the Government recommends to the Court or agrees not to oppose the defendant's

request to the Court that a particular sentence or sentencing range is appropriate or that a particular provision of the Guidelines does or does not apply.

If a plea agreement is of this type, if the Court accepts the agreement, the recommendation or request is not binding on the Court. If the Court does not follow the recommendation or request, the defendant has no right to withdraw his or her guilty plea.

On the other hand, there may be plea agreements which the Government agrees not to bring or will move to dismiss other charges or which the Government agrees that a specific sentence or sentencing range is the appropriate disposition of the case. Or that a particular provision of the sentencing guidelines does or does not apply.

If a plea agreement is of this type, if the Court accepts the agreement, then the parties agreed-upon terms are binding on the Court and the agreed-upon disposition will be included in the judgment unless the plea agreement provides otherwise.

However, if the Court does not accept this type of plea agreement where there is a binding agreed-upon disposition between the parties, the defendant will be given an opportunity to withdraw his or her plea. If the defendant does not withdraw the plea, however, the Court is not required to follow the plea agreement and may dispose of the case less favorably

than the plea agreement contemplated.

A written presentence report will be prepared by the Probation Office to assist the district judge in sentencing. You'll be asked to give information for this report and you are entitled to have your attorney present during the interview.

It is important that the presentence report be accurate because it will likely determine your punishment range.

After that report has been prepared, you and your attorney will have an opportunity to review the report and to object to any aspects of the report you believe are inaccurate.

Any objections to the presentence report must be made in writing and on a timely basis. If you do not contest the facts that are set forth in the presentence report and the Court's findings coincide with those facts, those facts will be accepted by the Court as correct and will be relied upon in determining the guidelines applicable to your case.

If a party seeks to argue for a sentence which varies from the sentencing guidelines, that party shall file written briefing in support of that position and serve a cursory copy on the probation officer who drafted the presentence report.

At the time of sentencing, you and your attorney will be given a chance to speak to the Court and argue for a sentence that you and your attorney feels appropriate under 18 U.S. Code, Section 3553(a).

While Judge Flanagan does not allow oral testimony in the nature of character evidence at the sentencing hearing, she will be happy to receive from your attorney written sentencing briefing or character letters, all of which should be provided to the Court at least seven days before the date you are to be sentenced.

Finally, if there are any victims of the offenses for which you are to be sentenced, these victims will be given a chance to be heard at that sentencing hearing.

That concludes the explanation of your rights.

Those cases proceeding today on guilty plea to be scheduled for a sentencing hearing to be held no sooner than 90 days from today in front of Judge Flanagan. It is anticipated that those cases will be set for Court the December, 2018 term.

Any case in which proceedings are a not guilty plea, counsel, in this case, will be contacted by the Court to schedule an administrative telephone conference before Judge Flanagan and to obtain the necessary dial-in instructions to participate in that conference.

All right. Each defendant appearing today should know that as I take up your case to hear your plea and to address you personally, that you'll be placed under oath and that if you should answer any of my questions falsely, that your answers may later be used against you in another prosecution for perjury or for making a false statement.

THE CLERK: The Court calls the following case for arraignment. United States of America versus Ramon Esteban Paez-Jerez, Court File Number 5:18-CR-131-FL Defendant 1.

(The defendant, Ramon Esteban Paez-Jerez, was duly sworn.)

THE COURT: Mr. Paez, sir, I have here in my hands a document in your case. This document is entitled, "Consent to proceed before magistrate judge." It appears to be signed by you as well as Mr. Polk, your attorney in this case.

Did you sign this document, sir?

THE DEFENDANT: Yes, sir.

THE COURT: And Mr. Paez, sir, is it your knowing and voluntary desire for the purpose of conducting your arraignment and taking your plea this morning that I may conduct these proceedings as a United States Magistrate Judge?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Thank you. Please have a seat.

So Mr. Polk, the operative document in this case is the Superseding Criminal Information; is that correct?

MR. POLK: Yes, sir.

THE COURT: Is that right, Mr. Kielmanovich?

MR. KIELMANOVICH: Yes, sir.

THE COURT: Now, Mr. Paez, sir, do you understand that you are now under oath and that if you answer any of my questions falsely, that your answers may later be used against

you in a separate proceeding for perjury or for making a false statement?

THE DEFENDANT:  Yes, sir.

THE COURT:  You can have a seat.  Go ahead and take a seat.

What is your full name, Mr. Paez?

THE DEFENDANT:  Ramon Esteban Paez-Jerez.

THE COURT:  How old are you?

THE DEFENDANT:  Fifty-eight years old.

THE COURT:  How far have you gone in school?

THE DEFENDANT:  High school.

THE COURT:  Are you currently or have you recently been under the care of a physician or psychiatrist or been hospitalized or treated for narcotics addiction?

THE DEFENDANT:  No, sir.

THE COURT:  Have you taken any drugs, any medicine, any pills or had any alcoholic beverages in the past 24 hours?

THE DEFENDANT:  Just the one pill I take for high blood pressure.  Other than that, nothing.

THE COURT:  Mr. Paez, do you think that medication or the condition that you have described, do you think that interferes with your ability to understand the proceedings this morning?

THE DEFENDANT:  Yes, sir.

THE COURT:  You do think that interferes with your

ability to understand these proceedings?

THE DEFENDANT: No, sir.

THE COURT: Okay. Do you understand what's happening this morning?

THE DEFENDANT: Yes, sir.

THE COURT: Are you prepared to enter your plea in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Polk, any reservation on going forward this morning in this case?

MR. POLK: No, sir, Your Honor.

THE COURT: All right. Mr. Kielmanovich, you're standing.

MR. KIELMANOVICH: Your Honor, just fixing my computer. No reason for concern in that respect.

THE COURT: Very good.

Mr. Paez, have you been provided with a copy of the charges against you in this case?

THE DEFENDANT: Yes, sir.

THE COURT: And Mr. Paez, have you discussed those charges fully as well as your case in general with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the charges against you in this case?

THE DEFENDANT: Yes, sir.

THE COURT: And I'm referring to the charges that are contained in the Criminal Information. Do you understand those charges?

THE DEFENDANT: Yes, sir.

THE COURT: You understand what's happening this morning?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Polk, have you had any difficulty in communicating with Mr. Paez or any reason to doubt his mental competency?

MR. POLK: No, sir. We have a Spanish speaking paralegal. Mr. Tarlton and I have been able to communicate with him this entire time.

THE COURT: No issues there?

MR. POLK: No, sir.

THE COURT: No reason to doubt Mr. Paez's mental competency?

MR. POLK: No, Your Honor.

THE COURT: Mr. Kielmanovich?

MR. KIELMANOVICH: No, Your Honor.

THE COURT: Let the record reflect that the Court finds as a fact that the defendant, Ramon Esteban Paez-Jerez, is competent to appear, to understand the nature of these proceedings and to ultimately plead in these matters.

Now, Mr. Paez, you have been charged, sir, in a document called a Criminal Information. And you have been charged in this Criminal Information with two felony offenses. These felony offenses, like I said, have been filed against you by the U.S. Attorney by way of a Criminal Information, but you have a right under the Constitution to be charged by an indictment of the Grand Jury.

You can waive that right and you can consent to being charged using the Criminal Information that the U.S. Attorney has filed in this case.

You should know, Mr. Paez, that if you choose not to waive indictment, this proceeding will be unable to go forward today. The Government would then be free to present their case to the Grand Jury and ask the Grand Jury to indict you.

Mr. Paez, the Grand Jury is composed of 16 and not more than 23 persons, and at least 12 grand jurors must find that there's probable cause to believe that you committed the crime with which you are charged before you may be indicted.

If the Government presented this case to the Grand Jury, the Grand Jury might or might not indict you. No one can predict what the Grand Jury will do.

If you choose this morning to waive indictment by the Grand Jury, the case will proceed against you on the U.S. Attorney's Criminal Information just as though you had been indicted.

Now, Mr. Paez, I have another document before me this morning, and this document is entitled, "Waiver of an indictment." It appears to be signed by you as well as Mr. Polk, your attorney in this case. And it appears in this document that it's your intention to waive your right to indictment by a Grand Jury in this case.

Is that your intention, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Did you sign this document?

THE DEFENDANT: Yes, sir.

THE COURT: Do you wish to waive indictment in this case, Mr. Paez?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed waiving your right to indictment by the Grand Jury with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Have any threats or promises been made to get you to waive indictment in this case?

THE DEFENDANT: No, sir.

THE COURT: Are you waiving -- Mr. Paez, are you waiving your right to indictment by the Grand Jury knowingly and voluntarily?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Polk, is there any reason the Court should not accept Mr. Paez's waiver of indictment in this case?

MR. POLK: No, Your Honor.

THE COURT: Let the record reflect that Mr. Paez has knowingly and voluntarily waived his right to an indictment and the Court will proceed with his arraignment on the information.

Now, Mr. Paez, sir, have you had the time to and have you, in fact, discussed your case with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had the opportunity to meet with your lawyer with the benefit of an interpreter?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with the advice and counsel that you have received in this case from Mr. Polk and Mr. Tarlton?

THE DEFENDANT: Yes, sir.

THE COURT: Now, did you hear -- Mr. Paez, did you hear and understand my explanation of your rights this morning?

THE DEFENDANT: Yes, sir.

THE COURT: Did you understand my general explanation of how you might be sentenced in this case?

THE DEFENDANT: Yes, sir.

THE COURT: And did you receive a copy, Mr. Paez, of the Criminal Information in this case charging you with two counts?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand what you're charged

with in those counts?

THE DEFENDANT: Yes, sir.

THE COURT: Do you want me to read the Criminal Information to you aloud or do you waive the reading of it?

THE DEFENDANT: Waive.

THE COURT: Okay. I am required, however, to remind you of the maximum possible penalties, not the guidelines, but the maximum possible penalty for each count that you face including any mandatory minimum penalty. Mr. Kielmanovich, could you remind Mr. Paez as to that information?

MR. KIELMANOVICH: Yes, Your Honor.

The defendant is facing in Count 1, for passport fraud, no more than 10 years imprisonment, 250,000-dollar fine, or both, no more than three years of supervised release, no more than two years imprisonment upon revocation of supervised release, a 100-dollar special assessment, and restitution.

Count 2, voting by alien, he's facing no more than 12 months imprisonment, a fine not to exceed --

THE INTERPRETER: The interpreter needs the maximum number of years of imprisonment repeated please.

MR. KIELMANOVICH: Not more than 12 months imprisonment, a fine not to exceed $100,000, or both fine and imprisonment, no more than one year of supervised release, no more than one year imprisonment upon revocation of supervised release, a 25-dollar special assessment and restitution.

Your Honor, if I may approach?  I can provide this penalty sheet for the Court record.

THE COURT:  Very good.  Thank you.

Count 2 is a Class A misdemeanor?

MR. KIELMANOVICH:  Yes, Your Honor.

THE COURT:  Mr. Polk, do you guys understand that?

MR. POLK:  Yes, sir.

THE COURT:  Mr. Paez, sir, do you understand the two charges filed against you in this case as well as the maximum punishment you face if convicted of each of those charges?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Polk, sir, were all formal plea offers by the Government conveyed to Mr. Paez?

MR. POLK:  Yes, sir, Your Honor.

THE COURT:  Mr. Paez, I have been handed another document in your case.  This document is entitled, "Memorandum of plea agreement."  It appears to be signed -- this plea agreement appears to be signed by you as well as Mr. Tarlton and Mr. Polk, your counsel in this case.  It appears from this document that it is your intention, Mr. Paez, to plead guilty to both Count 1 and 2 of the Criminal Information.

Is that your intention, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  And did you, in fact, sign this plea agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had, Mr. Paez, an opportunity to review, read and to discuss this plea agreement with your attorney and did you, in fact, do so before you signed it?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Paez, sir, does the plea agreement represent in its entirety any and all agreements that you have with the United States and the U.S. Attorney?

THE DEFENDANT: Yes.

THE COURT: Did you understand the terms, the language, the words, the sentences, even any legal phrases that are used in this plea agreement after you discussed it with Mr. Polk or Mr. Tarlton?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that by entering into this plea agreement and entering a plea of guilty that you will have waived or given up your right to appeal or to collaterally attack all or part of your sentence?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone made any other or different promises to you to get you to plead guilty in this case, other than what's contained in the plea agreement?

THE DEFENDANT: No, sir.

THE COURT: Has anyone threatened you in any way to persuade you to either accept this agreement or plead guilty in

this case?

THE DEFENDANT: No, sir.

THE COURT: Mr. Paez, sir, are you pleading guilty of your own free will because you are, in fact, guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that Count 1, the passport fraud charge, do you understand that you will be pleading guilty to that felony offense and that if your plea is accepted you'll be found guilty of that offense and that may deprive you of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury and possess a firearm?

THE DEFENDANT: Yes, I understand.

THE COURT: Do you understand that if you are not a citizen of the United States, a plea of guilty may subject you to deportation, the exclusion or voluntary departure and prevent you from obtaining U.S. citizenship?

THE DEFENDANT: Yes, I understand.

THE COURT: Do you understand if I accept your plea of guilty this morning that you may not be able to withdraw your plea and have a trial in this case?

THE DEFENDANT: Yes, I understand.

THE COURT: Have you answered all my questions truthfully?

THE DEFENDANT: Yes, sir.

THE COURT: Do you need any more time to think about your plea or to discuss your case with Mr. Polk before entering your plea?

THE DEFENDANT: No, sir.

THE COURT: All right. Mr. Paez, sir, how do you plead to Count 1 of the Criminal Information?

THE DEFENDANT: Guilty.

THE COURT: Mr. Paez, sir, how do you plead to Count 2 of the Criminal Information?

THE DEFENDANT: Guilty.

THE COURT: Now, Mr. Paez, with respect to Count 1, did you, as the Government has alleged in Count 1, on or about September 16th, 2009, in the Eastern District of North Carolina, willfully and knowingly make a false statement in an application for a passport with intent to induce and secure for your own use the issuance of a passport under the authority of the United States contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws in that in such application you stated that you were an individual having initials CJP, and that you had never used a different name which statement you knew to be false, in violation of Title 18 United States Code, Section 1542? Did you do all that?

THE DEFENDANT: Yes, sir.

THE COURT: With respect to Count 2, did you, Mr.

Paez, on or about November 8, 2016, in the Eastern District of North Carolina, an alien, knowing you had obtained your United States citizenship by fraud or misrepresentation of material fact and were not at the time eligible to vote in the United States, did knowingly vote in an election held, in part, for the purpose of electing a candidate for the office of president, vice president, and member of the house of representatives, in violation of Title 18 United States Code, Section 611(a)?  Did you do all that?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Thank you.

Mr. Kielmanovich, if you would provide the Court a factual basis supportive of Mr. Paez's plea of guilty to Count 1 and Count 2 of the Criminal Information telling the Court what the Government believes it could prove at a trial in this case.

MR. KIELMANOVICH:  Yes, Your Honor.

The evidence would show that the defendant is an alien born in the Dominican Republic; that in 1986 he was arrested by the Border Patrol in Texas when he attempted to make entry into the United States with no inspection.

The defendant, in 1988, was ordered deported from the United States in Harlingen, Texas.  He was given the chance to self-report; that he failed to appear for his scheduled deposition.

Later that year -- or rather, the same year, 1988, the defendant impersonated an individual with initials CJP. This individual was born in the Dominican Republic as well and under that identity, he, the defendant, applied for an immigration benefit pursuant to the amnesty program of the immigration laws that was applicable at that time.

The defendant under the CJP's identity is approved as a temporary resident. And eventually, in 1989 he was granted lawful permanent resident status using that fraudulent CJP identity.

In 1996, the defendant applied for a United States citizenship using the identity CJP as well; and in 1999, he was naturalized as a U.S. citizen using that fraudulent identity in New York.

In 2007, the defendant registered to vote in North Carolina under the CJP identity. He attested under the penalty of perjury that he was CJP, a citizen of the United States. He was assigned a polling place located in Wake County, North Carolina.

In September of 2009, particularly as described in Count 1, September 16th, 2001, the defendant applied for a U.S. passport in the Eastern District of North Carolina under the CJP's identity. In that application, he did not disclose that he used a different name in the past.

There's a box in the application where it's asked

have you ever used another name. He did not include information in that box. That would have most likely alerted law enforcement officials about his prior use of his real name and that he had been using this CJP's identity. He stated he was, in fact, CJP, and those statements he knew to be false because his real name is Ramon Esteban Paez-Jerez.

Finally, in November 8, 2016, in the general elections in which the office of presidency was being voted for, the defendant participated in those elections and he voted in Wake County, North Carolina.

The defendant did all this knowing that he had obtained on behalf of himself U.S. citizenship by fraud and that he was not, in fact -- based on those material misrepresentations he had not, in fact, lawfully obtained U.S. citizenship, which is a requirement to participate in general elections.

Your Honor, that is the essence of the evidence.

THE COURT: Mr. Polk, do you care to respond to the Government's proffer?

MR. POLK: No, Your Honor.

We think if this matter were to go trial each element of each account would have been met by the Government.

THE COURT: Mr. Paez, sir, did you hear and understand what both Mr. Kielmanovich, the prosecutor, as well as Mr. Polk, has told the Court regarding the criminal conduct

in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Do you dispute anything that they told me?

THE DEFENDANT: No.

THE COURT: All right. Very good.

The Court is satisfied with the responses given during this hearing and makes the following finding:

It is the finding of this Court in the case of United States of America versus Ramon Esteban Paez-Jerez, Case File 5:18-CR-131, that Mr. Paez is fully competent and capable of entering an informed pleas; that his plea of guilty to Count 1 and his plea of guilty to Count 2 are each being made knowingly, voluntarily. Each is supported by an independent factual basis containing each of the essential elements of the offenses charged therein. Mr. Paez's plea is therefore accepted he is hereby adjudged guilty of Counts 1 and 2 of the Information. The Court hereby conditionally approves the plea agreement the parties have reached in this case.

The parties are notified in writing of the date and place of sentencing in this matter. As I said earlier, it is anticipated that the sentencing will be before Judge Flanagan at the Court's December, 2018 term.

Defense counsel is directed to contact Probation before leaving the Court today to arrange a time to commence

the preparation of the PSR in this case.

All right. Is there anything further regarding Mr. Paez's case?

MR. POLK: Not from the defendant, Your Honor.

MR. KIELMANOVICH: No, Your Honor.

THE COURT: All right. Thank you very much.

(Proceedings concluded at 10:18 a.m.)

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA


CERTIFICATE OF OFFICIAL REPORTER


I, Amy M. Condon, CRR, RPR, CSR, Federal Official Court Reporter, in and for the United States District Court for the Eastern District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.


Dated this 17th day of September, 2018.


/s/ Amy M. Condon
Amy M. Condon, CRR, CSR, RPR
U.S. Official Court Reporter